**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIREYA SANCHEZ, | ) | FILED: AUGUST 8, 2008 |
| | ) | 08CV4515 |
| Plaintiff, | ) | JUDGE CASTILLO |
| | ) | MAGISTRATE JUDGE NOLAN |
| vs. | ) No. | |
| | ) | |
| VALENTINE & KEBARTAS, INC., | ) | JFB |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MIREYA SANCHEZ ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, VALENTINE & KEBARTAS, INC., alleges and affirmatively states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of VALENTINE & KEBARTAS, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Carol Stream, County of Dupage, State of Illinois and are obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon allege, that Defendant is a national company with a business office in the City of Lawrence, State of Massachusetts.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant has been placing constant and continuous collection calls to Plaintiff and Plaintiff's family in an attempt to collect upon an alleged debt owed.

12. Defendant failed to provide Plaintiff with written notice of her right to seek

validation or dispute within five (5) days of initial contact.

13. Defendant has placed calls to Plaintiff's mother, sister, and other family members and discussed details about the alleged debt owed, including that Plaintiff owes the alleged debt. (See Exhibits A).

14. Defendant has placed calls to Plaintiff's mother deceptively informing her that Plaintiff told them she didn't have the "plata" in an attempt to collect upon the alleged debt directly from Plaintiff's mother. (See Exhibit A).

15. Defendant has placed calls to Plaintiff's mother and informed her that if Plaintiff did not pay the alleged debt that the account would be transferred to an attorney for further action. (See Exhibit A).

16. Defendant placed multiple calls a day nearly every day to Plaintiff in an attempt to collect upon the alleged debt.

17. Defendant has continuously threatened Plaintiff with legal action if she does not pay the alleged debt.

18. As of yet, no such lawsuit has been filed against Plaintiff.

19. Defendant has left messages on Plaintiff's phone stating that Plaintiff's credit score will continue to go down and that the caller will "make sure of that." (See Exhibit B).

20. Defendant has left messages on Plaintiff's phone stating that even if Plaintiff got a new phone number the caller would find her. (See Exhibit B).

21. Defendant repeatedly calls and leaves messages where it fails to identify itself as a debt collector or that information sought will be used for such purposes. (See Exhibit B).

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

22. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

23. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692(b) when Defendant, through its agents, employees and/or legal counsel contacted third parties on multiple occasions and shared information with them regarding Plaintiff owing an alleged debt.

b). Defendant violated the FDCPA § 1692c(b) when Defendant, through its agents, employees and/or legal counsel contacted third parties on multiple occasions and shared information with them regarding Plaintiff owing an alleged debt.

c). Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents, employees and/or legal counsel used language of which the natural consequence is the abuse or harassment of the listener.

d). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents, employees and/or legal counsel placed collection calls and caused Plaintiff's telephone to ring constantly and repeatedly so as to annoy Plaintiff.

e). Defendant violated the FDCPA § 1692d(6) when Defendant, through its agents, employees and/or legal counsel failed to meaningfully identify itself by placing calls without mentioning the caller's name or Defendant's name.

f). Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents,

employees and/or legal counsel made threats to Plaintiff and her family that legal action would be taken against Plaintiff without possessing the intent to do so.

    g).    Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents, employees and/or legal counsel deceptively informed Plaintiff's mother that Plaintiff did not have the money to pay the alleged debt in hopes to recover payment from her.

    h).    Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents, employees and/or legal counsel repeatedly failed to inform Plaintiff that it is a debt collector and that information sought would be used for such purposes.

    i).    Defendant violated the FDCPA § 1692g(a) when Defendant, through its agents, employees and/or legal counsel failed to provide Plaintiff with written notice of her rights to dispute and/or seek validation of the debt within five (5) days of initial contact.

    24.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, anger and fear. (See Exhibit C).

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

    25. Declaratory judgment that the Defendant's conduct violated the FDCPA.

    26. Actual damages.

    27. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

    28. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

    29. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: ____/s/ Gregory H. Moss_____
[ ] Adam Krohn; [ ]Greg Moss;
[ ] Scott Cohen; [ ] Mathew Kiverts;
Attorneys for Plaintiff
Krohn & Moss, Ltd.
5055 Wilshire Blvd., Suite 300
Los Angeles, CA 90036

## **DEMAND FOR JURY TRIAL**

 PLEASE TAKE NOTICE that Plaintiff, MIREYA SANCHEZ, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, MIREYA SANCHEZ, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations

Pursuant to 28 U.S.C. § 1746(2), I, MIREYA SANCHEZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/28/08

_____
MIREYA SANCHEZ,
Plaintiff

**EXHIBIT A**

7-17-08

Adam Krohn,

    I am writing you this letter regarding the harassing calls from Valentine and Kebartas. I have been contacted many times by different people. I have received calls disclosing Mireya's information including the following:

- last digits of her social security number
- Chase account number
- Information regarding her status
- Threatening calls that if she doesn't pay this account will go to a lawyer

    At first, I thought I would help Mireya letting them (Valentine and Kebartas) know that if Mireya couldn't pay the amount because she didn't have the money that I would pay it for her. Since then, they call me asking me for the money before they even call her. We also caught them lying with the intent of collecting the money from me. They had told me that Mireya has stated that she had said she couldn't pay because she didn't have the "plata" (informal and inappropriate way of saying money). They thought that by saying this I would pay since I had told them previously that I would if she couldn't pay. I talked to Mireya after that conversation and she said she had told them nothing of the sort. That she had told them that she would be contacting you. Now I do not want them calling here or contacting me anymore. I have told them to deal directly with her but they continue to call me, thinking they will get the money from me. I received another call from them today. The names of the people there that have called me are Lisa, Luis and Jesus. I don't speak very much English but if you have someone who speaks Spanish, you are welcome to call me to verify any information.

Hilda Favela

*/s/ Hilda Favela*

(Mireya's mother)

630-894-7820

7-17-08

Adam Krohn,

    I am writing this letter to you regarding the harassing calls I have been receiving from gentlemen regarding Mireya's Chase account. First of all, they have been asking for Mireya Favela, who is now Mireya Sanchez. This tells me the information they have is outdated. She's been married for almost three years. They have left rude messages telling me to contact Mireya and let her know that they need to talk to and to stop avoiding their calls so that they can take care of her account (they disclosed information to me and I am not on the account with her). Please contact me if you need any further information from me.

Gabriela Ochoa

*Gabriela* (signature)

Mireya's sister

fiestafavors@yahoo.com

# **EXHIBIT B**

**PLEASE NOTE:**

Plaintiff's attorneys are in possession of voice recordings left by collection agents for Defendant, which detail and further establishes the allegations referring to this EXHIBIT B.

For purposes of practicality, said recordings are not attached to this complaint but will be available if needed.

# **EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES **NO**
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — YES **NO**
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Stress, time away from my new baby (5 weeks old), inconvenience answering the phone to collectors + family when I have to explain everything to them.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/28/08

Signed Name: *Mireya Sanchez*

Printed Name: Mireya Sanchez